IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRISSO,<br><br>                Petitioner,<br><br>vs.<br><br>STEVE MOORE, Acting Warden, Deuel Vocational Institute,<br><br>                Respondent. | No. 2:06-cv-00865-TMB<br><br>STAY ORDER |

       At Docket No. 19 this Court issued its Order to Show Cause why this matter should not be stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.  At Docket No. 20 Petitioner, a state prisoner appearing through counsel, opposed staying this matter.

       Petitioner argues that regardless of the outcome in *Hayward*, this Court's decision is foreclosed by its facts and the decision of the California Supreme Court in *In re Lawrence*.[1] Petitioner misperceives the role of the federal courts in federal habeas corpus proceedings reviewing state criminal convictions.  This Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time

---

[1] 190 P.3d 535 (Cal. 2008); *see also In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[2] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

of the relevant state-court decision."[3]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[4]  Whatever view the California Supreme Court may have construing Federal law, no matter how persuasive, is irrelevant in a federal habeas proceeding.[5]

Squarely before the en banc panel in *Hayward* is whether the *dicta* in *Biggs v. Terhune*,[6] "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation," is, or should be, the *Federal law* of the circuit.  Whatever the decision reached in *Hayward* may be, this Court will be bound by that decision,[7] not the decision of the California Supreme Court in *Lawrence*.

IT IS THEREFORE ORDERED THAT this matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

Dated: January 5, 2009.

                                                 s/ Timothy M. Burgess
                                                 TIMOTHY M. BURGESS
                                                 United States District Judge

---

[3] *Williams v. Taylor*, 529 U.S. at 412.

[4] *Carey v. Musladin*, 549 U.S. 70, ___, 127 S.Ct. 649, 654 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, ___, 128 S.Ct. 743, 746-47 (2008) (per curiam).

[5] The Court also notes that not only was *Lawrence* decided after the final state court decision in this case, but in deciding *Lawrence*, the California Supreme Court was relying upon the California Constitution and statutes.  It does not appear from the opinion or the authorities cited that it was based upon Federal law as established by the United States Supreme Court.

[6] 334 F.3d 910, 916–17 (9th Cir. 2003)

[7] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir.2003) (en banc).